CLD-092                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4352
_____

IN RE:  JAY L. THOMAS,
Petitioner

_____

Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civil No. 2-11-cv-02089)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 20, 2012

Before:  RENDELL, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: March 13, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Jay Thomas, proceeding <u>pro se</u>, has filed a petition for a writ of mandamus asking

this Court to direct the Clerk of the United States District Court for the District of New

Jersey to enter a default judgment in a civil action Thomas filed in that court.  For the

reasons that follow, we will deny the petition.

    Thomas filed a complaint in District Court against Nova Southeastern University.

On July 27, 2011, the District Court granted Nova Southeastern's motions to dismiss the

complaint and a proposed amended complaint. Thomas appealed. On November 9, 2011, while his appeal was pending, Thomas filed an amended complaint against Nova Southeastern in District Court. Thomas later notified counsel for Nova Southeastern that he would be filing a motion for default judgment.

Nova Southeastern submitted a letter to the District Court asserting, among other things, that Thomas' amended complaint is a nullity because he was not afforded leave to file the complaint and his case had not been reopened. Nova Southeastern asked the District Court to deny any request for a default judgment. Thomas then filed in District Court and in this Court a "Petition or Application for Writ of Madamus[sic] for Default Judgment 28 USC 1651" seeking the entry of a default judgment in connection with the amended complaint. The District Court treated Thomas' filing as an application for default judgment and dismissed it for lack of jurisdiction because Thomas' appeal of the July 27, 2011, order remained pending. The District Court also treated Thomas' November 9, 2011, filing as an application for leave to file an amended complaint and dismissed it on the same basis.

We read Thomas' petition filed in this Court as seeking mandamus relief in the form of an order directing the District Court Clerk to enter a default judgment. The writ of mandamus traditionally "has been used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (citations omitted). "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" Id.

2

(citations omitted).  A petitioner must show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable.  Id. at 141.

Thomas has not made such a showing.  He has other means to attain his desired relief.  Although the District Court has dismissed Thomas' application for a default judgment, Thomas is able to appeal that ruling.  Mandamus is not a substitute for appeal. In re Chambers Dev. Co., Inc., 148 F.3d 214, 226 (3d Cir. 1998).

Accordingly, the petition for a writ of mandamus will be denied.